UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-21263 -MD

TESLA, INC.,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.

_____/

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
AGAINST DEFENDANTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

      Plaintiff, Tesla, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby moves for entry of final default judgment against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"). In support thereof, Plaintiff submits the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.      INTRODUCTION**

      Plaintiff initiated this action against Defendants through the filing of its Complaint [ECF No. 1] for trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. Defendants are in default, and the prerequisites for a default judgment have been met. As relief, Plaintiff seeks default judgment finding Defendants liable on all counts of his Complaint. Plaintiff prays such judgment includes the entry of a permanent injunction and an award of damages to Plaintiff for Defendants' willful infringement pursuant to 15 U.S.C. § 1117(a). Plaintiff also requests the Court order the listings

and associated images of the goods bearing counterfeits and/or infringements of Plaintiff's trademarks being used by Defendants be permanently removed to ensure the associated e-commerce marketplace stores may no longer be used as a means for selling goods bearing counterfeits and infringements of Plaintiff's trademarks, and infringing upon Plaintiff's intellectual property rights. Plaintiff further requests the Court cancel, or at Plaintiff's election, transfer the domain names at issue to ensure the associated websites may no longer be used as a means for selling goods bearing counterfeits of Plaintiff's trademarks, and infringing upon Plaintiff's rights.

## II.    STATEMENT OF FACTS

### A.    Plaintiff's Rights

Plaintiff is the owner of the trademarks identified in Schedule B of the Declaration of Lou Dorny in Support of Plaintiff's Renewed *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunciton, and Order Restraining Transfer of Assets ("Dorny Decl.") [ECF No. 7-2] (the "Tesla Marks"). The Tesla Marks are used in connection with the design, marketing, and distribution of genuine high-quality Tesla branded goods. (Dorny Decl. at ¶ 5.) The Tesla Marks are a symbol of Plaintiff's quality, reputation, and goodwill and has never been abandoned. (*Id.* at ¶ 10.) Moreover, Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting its trademarks. (*Id.* at ¶ 7.)

Furthermore, Plaintiff has extensively used, advertised, and promoted the Tesla Marks in the United States, and has carefully monitored and policed the use of the Tesla Marks. (*Id.* at ¶¶ 6, 7, & 10.) The Tesla Marks have come to symbolize the enormous goodwill of Plaintiff's products throughout the United States. (*Id.* at ¶¶ 6-10.)

### B.    Defendants' Infringing Acts

As alleged by Plaintiff, admitted by default, and established by the evidence submitted herewith, Defendants operate and control e-commerce stores via third-party marketplace websites under their seller identification names and/or commercial Internet websites operating under their domain names as identified on Schedule "A" hereto (the "Seller IDs"). As such, Defendants are the active, conscious, and dominant forces behind the promotion, advertisement, distribution, offering for sale, and sale of goods bearing counterfeit and infringing trademarks which are exact copies of one or more of the Tesla Marks (the "Counterfeit Goods"). (*See* Dorny Decl. at ¶¶ 11-14; Declaration of Richard Guerra in Support of Plaintiff's Renewed *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Guerra Decl. ISO Mot. for TRO") [ECF No. 7-3] at ¶ 4; *see also* relevant web page captures from Defendants' Internet based e-commerce stores and commercial websites operating under the Seller IDs displaying the Tesla branded items offered for sale ("Defendants' Seller IDs"). *See* Dorny Decl. at Exhibit 1 [ECF No. 8 ].

Further, as admitted by Defendants through default, at all times relevant, Defendants have had full knowledge of Plaintiff's ownership of the Tesla Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith. (Compl. ¶ 35.) Defendants do not have, nor have they ever had, the right or authority to use the Tesla Marks for any purpose. (*See* Dorny Decl. at ¶ 11). However, despite their known lack of authority to do so, Defendants have engaged in the activity of promoting, and otherwise advertising, selling, offering for sale, and distributing their counterfeit branded goods via the Seller IDs. (*See* Compl. ¶¶ 30-43; *see also* Dorny Decl. at ¶¶ 11-14; Guerra Decl. ISO Mot. for TRO at ¶ 4.)

Plaintiff's evidence, obtained as a result of its investigation of Defendants, clearly demonstrates Defendants are engaged in the fraudulent promotion, advertisement, distribution,

offering for sale, and sale of goods bearing counterfeits of the Tesla Marks.   Plaintiff's counsel retained a private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Tesla branded products by Defendants and to determine Defendants' payment account data for receipt of funds paid for the sale of counterfeit versions of Plaintiff's branded products through the Seller IDs.  (*See* Dorny Decl. at  ¶ 12; Guerra Decl. ISO Mot. for TRO at ¶ 5.)  Plaintiff's investigator accessed Defendants' Internet based e-commerce stores operating under each of the Seller IDs, and placed orders for the purchase of various products offered for sale bearing, or suspected to be bearing, at least one of the Tesla Marks at issue in this action from each Defendant and requested each product to be shipped to an addresses in the Southern District of Florida.  (*See* Dorny Decl. at ¶ 13; Guerra Decl. ISO Mot. for TRO at ¶ 5.) At the conclusion of the process, the detailed web page captures and images of the Tesla branded items wherein orders were initiated via Defendants' Seller IDs, were sent to Plaintiff's representative for review.  (*Id*.)

Plaintiff's representative, who is able to identify distinctions between genuine Tesla branded merchandise and counterfeit copies of the same, reviewed and visually inspected the Tesla branded items ordered from each of the Seller IDs and by reviewing the e-commerce stores and websites operating under each of the Seller IDs, or the detailed web page captures and images of the items bearing the Tesla Marks, and determined the products were not genuine versions of Plaintiff's products.  (Dorny Decl. at ¶ 14.)

### C.    Procedural Background

On April 4 2024, Plaintiff filed its Complaint [ECF No. 1].  On April 12 , 2024, Plaintiff filed its *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets [ECF No. 7 7].  On May 1, 2024, the Court entered a Sealed

Order Granting Plaintiff's Renewed *Ex Parte* Motion for Entry of Temporary Restraining Order [ECF No. 12], and subsequently converted the temporary restraining order into a preliminary injunction on June 11, 2024 [ECF No. 27].  The temporary restraining order and preliminary injunction required, inter alia, any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, (*i.e.,* eBay), and their related companies and affiliates (collectively, the "Third Party Providers"), to identify and restrain all funds in Defendants' associated payment accounts, including all other financial accounts tied to, used by, or that transmit funds into, the respective Defendants' financial accounts, and divert those funds to a holding account for the trust of the Court.  Subsequently, Plaintiff's counsel received notice from the applicable financial institutions that they complied with the requirements of the Court's Order.  *See* Declaration of Richard Guerra in support of Motion for Entry of Final Default Judgment ("Guerra Decl. ISO FDJ") at ¶ 3.

On April 10 , 2024, Plaintiff filed its *Ex Parte* Motion for Order Authorizing Alternative Service of Process on Defendants [ECF No. 5], which the Court granted on May 1, 2024 [ECF No. 11], authorizing Plaintiff to serve the summons, Complaint, and all subsequent filings in this matter upon Defendants via e-mail and posting copies of the same on Plaintiff's designated service notice website.  Pursuant to the Court's Order authorizing alternate service of process, Plaintiff served Defendants on May 28, 2024, via e-mail and publication by posting a true and correct copy of the Complaint, Complaint, and summons on the website: https://www.dropbox.com/scl/fo/zre0jqf6s72ylkzjt1jvr/h?rlkey=h1u8jdiy463zrg27grm0aruuq&st=9dcm mrx7&dl=0.  (*See* Guerra Decl. ISO FDJ ¶ 4; Proof of Service [ECF No. 20].)  The time allowed for Defendants to respond to the Complaint has expired.  (*See* Guerra Decl. ISO FDJ ¶ 5.) Defendants have not been granted any extension of time to respond, nor have they served or filed

an Answer or other response. (*Id.* at ¶ 6.) To Plaintiff's knowledge, none of the Defendants are infants or incompetent persons, and, upon information and belief, the Servicemembers Civil Relief Act does not apply. (*Id.* at ¶ 7.) On August 13, 2024, Plaintiff moved for entry of Clerk's Default [ECF No. 44], which the Clerk of the Court entered on August 13, 2024 [ECF No. 45]. Plaintiff now moves the Court to grant Final Default Judgment against Defendants and submits this Motion in compliance with the Court's Order requiring same.

## III. ARGUMENT

### A. Default Judgment Should be Entered Against Defendants.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. Personal jurisdiction over Defendants and venue in this district are proper under 28 U.S.C. § 1391 as Defendants direct business activities toward consumers throughout the United States, including within the State of Florida and this district and cause harm to Plaintiff's business within this jurisdiction through the Internet based e-commerce stores and websites operating under the Seller IDs. (*See* Compl. ¶¶ 4-8.)

#### 1. Default Judgment is Proper.

A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). *See* Fed. R. Civ. P. 55. In defaulting, the well-pled factual allegations of a plaintiff's complaint, other than those related to damages, will be taken as true. *PetMed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (*citing Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)). In this case, the Complaint and declaration filed in support of Plaintiff's Motion for Entry of Final Default Judgment clearly demonstrate that default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendants.

#### 2. Factual Allegations Establish Defendants' Liability.

Title 15 U.S.C. § 1125 provides liability for false designation of origin where a plaintiff pleads "an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int 'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395, 188 L. Ed. 2d 392 (2014). To prevail on a claim of false designation of origin under Section 43(a) of the Lanham Act, Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, which is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' goods by Plaintiff. 15 U.S.C. § 1125(a)(1). *See also Suntree Techs., Inc. v. Ecosense Intern., Inc.*, 693 F.3d 1338, 1348 (11th Cir. 2012) (A false designation claim requires the plaintiff to show that (1) "it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that customers were likely to confuse the two."). The test for liability for false designation of origin under Section 43(a) is "whether the public is likely to be deceived or confused by the similarity of the marks at issue." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780, 112 S.Ct. 2753, 2763 (1992).

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under the common law of Florida. *See Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 n.4 (11th Cir. 2001) ("Courts may use an analysis of federal infringement claims as a 'measuring stick' in evaluating the merits of state law claims."). Further, the test to determine trademark infringement liability under Florida common law is the same as the likelihood of consumer confusion test outlined under the Lanham Act. *See PetMed*

*Express, Inc.*, 336 F. Supp. 2d at 1217-18.

The well-pled factual allegations of Plaintiff's Complaint, properly allege the elements for each of the above claims.  Moreover, the factual allegations in Plaintiff's Complaint, substantiated by the evidence submitted herewith, conclusively establish Defendants' liability under each of the claims asserted in the Complaint.  Accordingly, Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendants.

**B.      Plaintiff's Requested Relief Should be Granted.**

**1.      Entry of a Permanent Injunction is Appropriate.**

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. 15 U.S.C. § 1116(a).  Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement."  *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (*citing Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)).  Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23.  Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement.  *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease.  Therefore, plaintiff is entitled to permanent injunctive relief.").  Pursuant to 15 U.S.C. § 1116, this Court should permanently enjoin Defendants from continuing to infringe any of Plaintiff's intellectual property rights, including the Tesla Marks.

Permanent injunctive relief is appropriate where a plaintiff demonstrates 1) it has suffered

irreparable injury; 2) there is no adequate remedy at law; 3) the balance of hardship favors an equitable remedy; and 4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006). As demonstrated herein, and based upon the issuance of the temporary restraining order and preliminary injunction entered in this matter, Plaintiff has clearly carried its burden on each of the four factors, warranting permanent injunctive relief, because Defendants have unlawfully used Plaintiff's goodwill to make a profit. Accordingly, permanent injunctive relief is appropriate.

Defendants' actions merit permanent injunctive relief, not only to protect Plaintiff's reputation, but also to protect consumers from being deceived as to the quality and source of products bearing Plaintiff's trademarks. The facts alleged in Plaintiff's Complaint, substantiated by the evidence submitted herewith, show Defendants are "continuously infringing and inducing others to infringe" the Tesla Marks by using them to advertise, promote, and sell goods bearing marks which are identical or altered to be identical to the Tesla branded goods. (*See* Compl. at ¶ 46).

Plaintiff is clearly suffering, and will continue to suffer, irreparable injury if Defendants' infringing activities are not permanently enjoined. (*See* Dorny Decl. at ¶ 18.) "[A] sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir.1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir.1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). In any event, Plaintiff's Complaint alleges that Defendants' unlawful actions have caused Plaintiff irreparable injury, and will continue to do so if Defendants are not permanently enjoined. (Compl. ¶¶ 50, 58.) Defendants

have defaulted upon Plaintiff's factual allegations in that respect.

Additionally, Plaintiff has no adequate remedy at law so long as Defendants continue to use Plaintiff's trademarks in connection with the operation of their Internet based e-commerce stores under the Seller IDs because Plaintiff will have no control of the quality of what appears to be its products in the marketplace.  An award of money damages alone will not cure the injury to Plaintiff's reputation and goodwill which will result if Defendants' infringing and counterfeiting actions are allowed to continue.  Moreover, it can hardly be said that Defendants face hardship in refraining from their willful infringement of Plaintiff's trademarks, whereas Plaintiff faces hardship from loss of sales and its inability to control its reputation.  In reality, Defendants have no cognizable hardship, as they will be prohibited from selling counterfeit goods, which is an illegal act to begin with.  Finally, the public has an interest in the issuance of a permanent injunction against Defendants in order to prevent consumers from being misled by Defendants' products.  *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior." (alteration added) (citation omitted)); *BellSouth Adver. & and Publ'g. Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991) (holding "[i]n a trademark infringement or unfair competition case, a third party, the consuming public is present and its interests are paramount.").  Ultimately, the permanent injunction will prevent consumer confusion and deception in the marketplace, and will protect Plaintiff's property interest in its trademarks.

Furthermore, as admitted by Defendants through default, (i) the Seller IDs and associated payment accounts are essential components of Defendants' online activites, and (ii) the Seller IDs themselves are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Plaintiff.  (*See* Compl. at ¶ 22.)  Therefore, in order to effectuate the

injunction as a practical matter, all listings and associated images of goods bearing counterfeits and/or infringements of the Tesla Marks via the Seller IDs should be permanently removed by the applicable governing Internet marketplace platform operators and/or administrators.  Absent the removal of all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the Tesla Marks, Defendants will remain free to continue infringing Plaintiff's trademarks with impunity, will continue to benefit from the Internet traffic to those e-commerce stores and websites built through the unlawful use of the Tesla Marks, and will continue to defraud the public by their illegal activities.  The Court's powers of equity are sufficiently broad to compel measures necessary to enforce an injunction against infringement.  *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15, 91 S. Ct. 1267, 1276 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for. . . the essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case."); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defendants have created an Internet-based counterfeiting and infringement scheme and are profiting from the deliberate misappropriation of Plaintiff's rights.  Accordingly, the Court should eliminate the means by which Defendants conduct their unlawful activities to further prevent the use of these instrumentalities of infringement.[1]

---

[1] *See e.g., Michael Kors, L.L.C. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-63119-RKA (S.D. Fla. Apr. 27, 2020) (Order requiring, *inter alia*, the Internet marketplace website operators and/or administrators for the Seller IDs, to permanently remove all listings and associated images of products bearing counterfeits and/or using infringements of plaintiff's trademarks under the seller identification names used/controlled by defendants); *Adidas AG v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-63109-RKA (S.D. Fla. Mar. 31, 2020) (same);

2.      **Damages as to Count I for Trademark Counterfeiting and Infringement.**

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff elects to recover an award of statutory damages as to Count I of the Complaint.

The Court has wide discretion to set an amount of statutory damages. *PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (*citing Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). Indeed, an award of statutory damages is an appropriate remedy, despite a plaintiff's inability to provide actual damages caused by a defendant's infringement. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its

---

*Chanel, Inc. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-CV-62102-RKA (S.D. Fla. Nov. 5, 2019, docketed Nov. 6, 2019) (same), *Gucci America, Inc., v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-61447-RKA (S.D. Fla. Oct. 15, 2019, docketed Oct. 16, 2019) (same); *Tiffany (NJ) LLC, v. account n*, Case No. 19-cv-61294-RKA (S.D. Fla. Aug. 16, 2019, docketed Aug. 19, 2019) (same). *See also Malletier v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, No. 19-cv-61021-MGC, 2019 U.S. Dist. LEXIS 225874 (S.D. Fla. Dec. 12, 2019) (same); *Chanel, Inc. v. Fendona*, No. 19-cv-60734-BB, 2019 U.S. Dist. LEXIS 225780 (S.D. Fla. May 23, 2019) (same); *Fendi S.R.L. v. Joe Bag*, No. 19-cv-61356-RAR, 2019 U.S. Dist. LEXIS 169132 (S.D. Fla. Aug. 28, 2019) (same); *Adidas AG v. gshwjs*, Case No. 19- cv-61811-RS (S.D. Fla. Nov. 25, 2019) (same); *Apple Corps Limited v. Alvis Bronte*, Case No. 19-cv-60928-UU (S.D. Fla. June 24, 2019) (same); *YETI Coolers, LLC v. allramblerdeal.com*, Case No. 18-cv-62811-WPD (S.D. Fla. May 31, 2019) (same).

actual damages are nominal or non-existent."). Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

A defendant's intent can be of probative value for establishing willfulness, triggering an enhanced statutory award. *PetMed Express, Inc.*, 336 F. Supp. 2d at 1220. A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" to a plaintiff's intellectual property rights. *See Arista Records, Inc. v. Beker Enter., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). Willfulness may also be inferred from the defendant's default. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1217 (upon default, well plead allegations taken as true). In either case, a defendant is deemed to have the requisite knowledge that its acts constitute an infringement.

The Tesla Marks are renowned worldwide as an identifier of high quality merchandise, and the fact that Defendants offered for sale and sold goods using marks which are identical or altered to be identical to such strong marks shows their desire and purpose to trade upon Plaintiff's goodwill. Indeed, in a case of clear-cut copying such as this, it is appropriate to infer that Defendants intended to cause confusion and benefit from Plaintiff's reputation, to Plaintiff's detriment. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (court infers intent to confuse consumers into believing affiliation from Defendants' use of such a mark that was confusingly similar). Moreover, in this district, it has been held that when an alleged infringer adopts a mark "with the intent of obtaining benefit from the plaintiff's business reputation, 'this fact alone may

be sufficient to justify the inference that there is confusing similarity.'" *Turner Greenberg Assocs.*, 320 F. Supp. 2d 1317, 1333 (S.D. Fla. 2004) (*citing Carnival Corp. v. Seaescape Casino Cruises, Inc.*, 74 F. Supp. 2d 1261, 1268 (S.D. Fla. 1999)).

Here, the evidence clearly establishes that each Defendant intentionally copied one or more of the Tesla Marks for the purpose of deriving the benefit of Plaintiff's world-famous reputation. In addition, Defendants defaulted on Plaintiff's allegations of willfulness.  (*See* Compl. at ¶ 37.) *See Arista Records, Inc.*, 298 F. Supp. 2d at 1313 (finding a Court may infer willfulness from the defendants' default).  As such, this Court should award a significant amount of statutory damages under the Lanham Act to ensure Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that each Defendant promoted, distributed, advertised, offered for sale, and/or sold at least one type of good bearing marks which were in fact counterfeits of at least, one of the Tesla Marks.  (*See* Compl. at ¶¶ 30-43; Dorny Decl. at ¶¶ 11-14 & Exhibit 1)  In cases involving the same merits, issues, and requests for damages, this Court has found similar evidence of record sufficient to establish a defendant's infringement and enter a final default judgment and permanent injunction accordingly.  *See, e.g.*, *Fendi S.R.L.. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 20-CV-61724-RNS (S.D. Fla. Dec. 22, 2020, docketed Dec. 23, 2020).  Based on the above considerations, Plaintiff respectfully suggests the Court award statutory damages in the amount of $200,000.00 against each Defendant.

Plaintiff's suggested damage amount is well within the permissible range prescribed under 15 U.S.C. § 1117(c)(2) and should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and punish

Defendants, all stated goals of 15 U.S.C. § 1117(c).  Joint Statement of Trademark Counterfeiting

Legislation, H.R.J. Res. 648, 98th Cong., 2nd Sess., 130 Cong.Rec. H12076, H12083; *PetMed*

*Express, Inc.*, 336 F. Supp. 2d at 1222 ("statutory damages under § 1117(c) are intended not just

for compensation for losses, but also to punish and deter wrongful conduct.").  This Court and

others have granted statutory damages under the Lanham Act similar to Plaintiff's request herein.[2]

### 3.    Damages as to Count II for False Designation of Origin.

The damages available under Section 35 of the Lanham Act are set forth in the Section of

that Act entitled "Recovery for violation of rights," and provides,

> (a) Profits; damages and costs; attorney fees
> When a violation of any right of the registrant of a mark registered in the Patent
> and Trademark Office, a violation under section 1125(a) or (d) of this title, or a
> willful violation under section 1125(c) of this title, shall have been established in
> any civil action arising under this chapter, the plaintiff shall be entitled, subject to
> the provisions of sections 1111 and 1114 of this title, and subject to the principles
> of equity, to recover (1) defendant's profits, (2) any damages sustained by the
> plaintiff, and (3) the costs of the action. The court shall assess such profits
> and damages or cause the same to be assessed under its direction. In assessing
> profits the plaintiff shall be required to prove defendant's sales only; defendant must

---

[2] *See, e.g., Michael Kors, L.L.C. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-63119-RKA (S.D. Fla. Apr. 27, 2020) (awarding Plaintiff $1,000,000.00 against each Defendant); *Adidas AG v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-63109-RKA (S.D. Fla. Mar. 31, 2020) (same); *Chanel, Inc. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-CV-62102-RKA (S.D. Fla. Nov. 5, 2019, docketed Nov. 6, 2019) (same); *Gucci America, Inc., v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-61447-RKA (S.D. Fla. Oct. 15, 2019, docketed Oct. 16, 2019) (same); *Tiffany (NJ) LLC, v. account n*, Case No. 19-cv-61294-RKA (S.D. Fla. Aug. 16, 2019, docketed Aug. 19, 2019) (same). *See also Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256 (S.D. Fla. 2019) (Bloom, B.) (same); *Malletier v. Individuals, P'ship*, No. 19-cv-61021-MGC, 2019 U.S. Dist. LEXIS 225874 (S.D. Fla. Dec. 12, 2019) (same); *Fendi S.R.L. v. Joe Bag*, No. 19-cv- 61356-RAR, 2019 U.S. Dist. LEXIS 169132 (S.D. Fla. Aug. 28, 2019) (same); *Chanel, Inc. v. Fendona*, No. 19-cv-60734-BB, 2019 U.S. Dist. LEXIS 225780 (S.D. Fla. May 23, 2019) (same); *Adidas AG v. gshwjs, et al.*, Case No. 19-cv-61811-RS (S.D. Fla. Nov. 25, 2019) (same); *Apple Corps Limited v. Alvis Bronte*, Case No. 19-cv-60928-UU (S.D. Fla. June 24, 2019) (same); *YETI Coolers, LLC v. allramblerdeal.com*, Case No. 18-cv-62811-WPD (S.D. Fla. May 31, 2019) (same); *Louis Vuitton Malletier, S.A. v. Beltteen*, Case No. 18-cv-62871-JIC (S.D. Fla. Mar. 22, 2019) (same).

prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a).

Thus, the Lanham Act provides that a plaintiff who prevails in a trademark infringement action "shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."  15 U.S.C. § 1117(a).

"The Eleventh Circuit has made clear that in assessing damages under the Act the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount." *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, Case No. 16-cv-21203, 2018 WL 10322164, *3 (S.D. Fla. Jan. 13, 2018). "Further, if the court finds that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for the sum the court finds to be just, according to the circumstances of the case." *Id.* (citing *Slep-Tone Entertainment Corp., v. Johnson*, 518 F. App'x 815, 819 (11th Cir. 2013); 15 U.S.C. 1117(a)).  "Thus, a district court has considerable discretion to award damages that are appropriate to the unique facts of the case and when the court concludes that an award of profits is 'excessive,' the Act expressly provides that it may award an amount of damages as it shall find to be just." *Id.*  "Finally, in *Burger King v. Mason*, 855 F. 2d 779 (11th Cir. 1988), the Eleventh Circuit stated, '... all monetary awards under Section 1117 are 'subject to the principles of equity,' [and] ... no hard and fast rules dictate

the form or quantum of relief.'" *Id.* (citation omitted).

Further, "the Eleventh Circuit has defined an exceptional case as a case that can be characterized as malicious, fraudulent, deliberate and willful … or a case where there is 'evidence of fraud or bad faith.'" *Rain Bird Corp. v. Taylor*, 665 F. Supp. 2d 1258, 1271 (N.D. Fla. 2009) (citing *Dieter v. B & H Indus. of S.W. Fla., Inc.,* 880 F.2d 322, 329 (11th Cir. 1989); *Safeway Stores, Inc. v. Safeway Discount Drugs, Inc.*, 675 F.2d 1160, 1169 (11th Cir. 1982); *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc*., 253 F.3d 1332 (11th Cir. 2001)). In the matter at hand, the Tesla Marks are renowned worldwide as identifiers of high quality merchandise, and the fact that Defendants offered for sale and sold goods using marks which are identical or altered to be identical to such strong marks shows their desire and purpose to trade upon Plaintiff's goodwill. Indeed, in a case of clear-cut copying such as this, it is appropriate to infer that Defendants intended to cause confusion and benefit from Plaintiff's reputation, to Plaintiff's detriment. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (court infers intent to confuse consumers into believing affiliation from Defendants' use of such a mark that was confusingly similar). Moreover, in this district, it has been held that when an alleged infringer adopts a mark "with the intent of obtaining benefit from the plaintiff's business reputation, 'this fact alone may be sufficient to justify the inference that there is confusing similarity.'" *Turner Greenberg Assocs.*, 320 F. Supp. 2d 1317, 1333 (S.D. Fla. 2004) (*citing Carnival Corp. v. Seaescape Casino Cruises, Inc.*, 74 F. Supp. 2d 1261, 1268 (S.D. Fla. 1999)).

Here, the evidence clearly establishes that each Defendant intentionally copied one or more of the Tesla Marks for the purpose of deriving the benefit of Plaintiff's world-famous reputation. In addition, Defendants defaulted on Plaintiff's allegations of fraudulent and intentional conduct. (*See* Compl. at ¶¶ 18 & 37.) *See Arista Records, Inc.*, 298 F. Supp. 2d at 1313 (finding a Court

may infer willfulness from the defendants' default). As such, this Court should award a significant amount of exceptional case damages under the Lanham Act to ensure Defendants do not continue their intentional and fraudulent activities.

The evidence in this case demonstrates that each Defendant promoted, distributed, advertised, offered for sale, and/or sold at least one type of good bearing marks which were in fact blatant knock offs of at least, one of the Tesla Marks. (*See* Compl. at ¶¶ 30-43; Dorny Decl. at ¶¶ 11-14 & Exhibit 1.) In cases involving the same merits, issues, and requests for damages, this Court has found similar evidence of record sufficient to establish a defendant's infringement and enter a final default judgment and permanent injunction accordingly. *See, e.g.*, *Fendi S.R.L.. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 20-CV-61724-RNS (S.D. Fla. Dec. 22, 2020, docketed Dec. 23, 2020). Based on the above considerations, Plaintiff respectfully suggests the Court award damages in the amount of $200,000.00 against each Defendant.

Plaintiff's suggested damage amount is well within the permissible range prescribed under 15 U.S.C. § 1117(a) and should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and punish Defendants, all stated goals of 15 U.S.C. § 1117(a). This Court and others have granted damages under Section 35 of the Lanham Act similar to Plaintiff's request herein.[3]

---

[3] *See, e.g., Michael Kors, L.L.C. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-63119-RKA (S.D. Fla. Apr. 27, 2020) (awarding Plaintiff $1,000,000.00 against each Defendant); *Adidas AG v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-63109-RKA (S.D. Fla. Mar. 31, 2020) (same); *Chanel, Inc. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-CV-62102-RKA (S.D. Fla. Nov. 5, 2019, docketed Nov. 6, 2019) (same); *Gucci America, Inc., v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-61447-RKA (S.D. Fla. Oct. 15, 2019, docketed Oct. 16, 2019) (same); *Tiffany (NJ) LLC, v. account n*, Case No. 19-cv-61294-RKA (S.D. Fla. Aug. 16, 2019,

### 4. Damages as to Count III for Common Law Unfair Competition, and Count IV for Common Law Trademark Infringement.

Plaintiff's Complaint also sets forth a cause of action for common law of unfair competition (Count III), and common law trademark infringement (Count IV).  As to Counts III and IV, the allowed scope of monetary damages is also encompassed in 15 U.S.C. § 1117(a).  Accordingly, judgment on Counts III and IV should be limited to the amount awarded pursuant to Counts I and II and entry of the requested equitable relief.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter final default judgment and a permanent injunction against Defendants in the form of the proposed Final Default Judgment and Permanent Injunction filed herewith.

Date:   August 20, 2024

Respectfully submitted by,

**Richard Guerra**
Richard Guerra (Fla. Bar No. 689521)
Attorney Email address: rguerra@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue, South Tower, Suite 800
Miami FL, 33131
Telephone: (305) 728-8831
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

---

docketed Aug. 19, 2019) (same). *See also Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256 (S.D. Fla. 2019) (Bloom, B.) (same); *Malletier v. Individuals, P'ship*, No. 19-cv-61021-MGC, 2019 U.S. Dist. LEXIS 225874 (S.D. Fla. Dec. 12, 2019) (same); *Fendi S.R.L. v. Joe Bag*, No. 19-cv- 61356-RAR, 2019 U.S. Dist. LEXIS 169132 (S.D. Fla. Aug. 28, 2019) (same); *Chanel, Inc. v. Fendona*, No. 19-cv-60734-BB, 2019 U.S. Dist. LEXIS 225780 (S.D. Fla. May 23, 2019) (same); *Adidas AG v. gshwjs, et al.*, Case No. 19-cv-61811-RS (S.D. Fla. Nov. 25, 2019) (same); *Apple Corps Limited v. Alvis Bronte*, Case No. 19-cv-60928-UU (S.D. Fla. June 24, 2019) (same); *YETI Coolers, LLC v. allramblerdeal.com*, Case No. 18-cv-62811-WPD (S.D. Fla. May 31, 2019) (same); *Louis Vuitton Malletier, S.A. v. Beltteen*, Case No. 18-cv-62871-JIC (S.D. Fla. Mar. 22, 2019) (same).

I HEREBY CERTIFY that on August 20 , 2024, the following defaulting Defendants in this case were served with a copy of the foregoing document in the manner prescribed by this Court's Order Authorizing Alternative Service of Process on Defendants [ECF No. 11] using the email addresses set forth below:

| Def. No. | Defendant Name | Defendant Email |
|---|---|---|
| 1 | Shenzhen Ninth Element Digital Technology Co., Ltd. | salesmanager@d9element.com; |
| 4 | Shenzhen Jinfengchi Technology Co., Ltd. | info@qeedon.com; |
| 5 | Guangzhou Green Way Technology Co., Ltd. | hongguixu9@gmail.com; |
| 7 | Guangzhou Everbright Auto Accessories Co., Ltd. | everbrightautosales1@hotmail.com; |
| 8 | Shanghai Reliance Trading Co., Ltd. | yiming.hua@qq.com; |
| 9 | Shenzhen Qianqian Industrial Co., Ltd. | 3483426652@qq.com; |
| 11 | Shenzhen Heng You Feng Electronic Technology Co., Ltd. | cassie@hyftechs.com; |
| 13 | Xingyue (Guangzhou) Trading Co., Ltd. | xingyuemaoyi888@163.com; |
| 14 | Changzhou Xingmiao Vehicle Technology Co., Ltd. | xmcl8888@163.com; |
| 15 | Ningbo Dingjia Auto Parts Co., Ltd. | alice@cndingjia.com |
| 16 | Jinan Mawang Benchmarking Automotive Technology Co., Ltd. | bench_sensor@163.com ; |
| 18 | Belief (changzhou) Plastics Company Limited | kurt_geng@itunning.com; |
| 19 | Xinqichen Electronic Technology Co., Ltd. | sales@xqc-tech.com ; |
| 20 | Guangzhou Yifeng Hardware Plastic Co., Ltd. | gzyfwjsl@163.com; |
| 21 | Hefei Bopar Auto Technology Co., Ltd. | 2847779806@qq.com |
| 22 | Shenzhen Mingxianhui Information Technology Co., Ltd. | szmingxianhui@163.com ; |
| 24 | Shishi Hengyuan Autopart Trading Co., Ltd. | info@hyautopart.com; |
| 25 | Guangzhou Taiming Technology Co., Ltd. | 574988537@qq.com; |
| 27 | Ningbo High-Tech Zone Fangyuan Three-Dimensional Technology Co., Ltd. | 2880744313@qq.com; |
| 28 | Guangzhou Bailekai Trading Co., Ltd. | 744609168@qq.com; |
| 29 | Guangzhou Yitao Trading Co., Ltd. | 13711402397@139.com; |
| 30 | Shenzhen Kindon Auto Technology Limited | kindontech@126.com; |
| 32 | Ningbo Qualitrust Automotive Manufacturing Co., Ltd. | dennis@tansoparts.com; |
| 33 | Guangzhou Iron Box Auto Supplier Co., Ltd. | ironboxled@163.com; |
| 34 | Shenzhen Huaten Trading Co., Ltd. | jason.huang@huatenglobal.com; |
| 37 | Guangzhou Zhongmi Trading Co., Ltd | liujiayingcoco@163.com ; |
| 39 | Shenzhen Icar Technology Co., Ltd. | zhangxuecheng511@gmail.com; |
| 40 | Shenzhen RYHX Plastic & Hardware Products Co., Ltd. | karen@szryhx.com; |
| 42 | Guangzhou Zhengji Information Technology Co., Ltd. | hillzhu@zhengji-led.com; |
| 43 | Qingdao Yaoming Auto Parts Co., Ltd. | INFO@YOURMINGGROUP.COM; |
| 44 | Guangzhou Temart New Engergy Co., Ltd. | temartcai@163.com ; |
| 45 | Henan Mingtuo Automobile Sales Service Co., Ltd. | 1319977211@qq.com; |
| 46 | Dongguan Nuoyu New Energy Technology Co., Ltd. | nuoyunew@163.com; |
| 48 | Guangzhou Rich Mechanical Parts Co., Ltd. | 1120875596@qq.com ; |
| 51 | Guangzhou Keming Electronics Co., Ltd. | gezi6642@126.com; |
| 53 | Wuhan Baina Automotive Supplies Co., Ltd. | whbn2023@163.com ; |
| 56 | Fuzhou Qingcheng Automobile Service Co., Ltd. | qingchengauto01@163.com; |
| 57 | Fuzhou Infinity Trade Co., Ltd. | passches@qq.com |
| 58 | Guangzhou Haocheng Auto Parts Co., Ltd. | 980647367@qq.com ; |

| 59 | Shenzhen Kiwi Technology Co., Ltd. | kiwi@bj-cloud.net; |
| 60 | Guangzhou Lightstar Optoelectronic Technology Co., Ltd. | carly@gokled.com; |
| 61 | Guangzhou Kute Technology Co., Ltd. | 1334727044@qq.com; |
| 62 | Shenzhen Honghuichun Technology Co., Ltd. | lucy@hhcmodel.cn; |
| 63 | Yiwu Wuzhao E-Commerce Co., Ltd. | changchuan2021@gmail.com; |
| 64 | Anhui Pingyao Trading Co., Ltd. | 1015656935@qq.com; |
| 65 | Guangzhou Mojing Electronic Commerce Co., Ltd. | export@nickppf.com; |
| 69 | Shantou Zuocheng Electronic Commerce Co., Ltd. | lioxinrb@163.com; |
| 71 | Nanjing Xiangyun International Trade Co., Ltd. | margaretliu@w7solar.com |
| 75 | Shenzhen Longtrans Chan Technology Co., Ltd. | lcccjone@163.com; |
| 78 | Xiamen Hongxiang Trading Co., Ltd. | xuyali20161215@163.com; |
| 80 | Chengdu Evoyage Technology Co., Ltd. | info@evoyage-evse.com ; |
| 83 | Guangzhou Yaerde Automobile Products Co., Ltd. | zhujinxun2021@163.com; |

| 87 | Guangzhou Baolan Fadier Leather Goods Co., Ltd. | lincanjie888@qq.com; |
|---|---|---|
| 89 | Guangzhou Cheyoubao Industry Co., Ltd. | sales@factoryautopart.com |
| 90 | Foshan One Tree Culture Media Co., Ltd. | 888yikeshu@gmail.com; |
| 91 | Guangzhou Fish Map E-Commerce Co., Ltd. | justforyi@foxmail.com; |
| 93 | Xiamen Fank Technology Co., Ltd. | gm@fanktech.com; |
| 95 | Shantou Chaoyang Wenguang Weiqiu Toy Factory | 19307545015@163.com; |
| 96 | Shenzhen Musk Industrial Co., Ltd. | yuhan15lm@163.com |
| 99 | Guangzhou Yikun Cross Border E-Commerce Co., Ltd. | 13229876006@163.com; |
| 100 | Dongguan Chiwei Metal Products Co., Ltd. | 422571350@qq.com; |
| 102 | Guangzhou Cyrus Trading Co., Ltd. | cyrus.autoparts@outlook.com; |
| 107 | Chengdu Mingzhou Automobile Sales Co., Ltd. | mingzhouqichehesir@qq.com; |
| 108 | Changzhou Lita Auto Accessories Co., Ltd. | lita1@carmatssupplier.com; |
| 110 | Guangzhou Muxuan Trading Co., Ltd. | 1427697705@qq.com; |
| 111 | Xishan District Yangjian Yuda Vehicle Parts Factory | 2693053619@qq.com; |
| 112 | Guangzhou Flowerie Technology Co., Limited | 1040216481@qq.com; |
| 113 | Guangzhou Xingcheng Auto Parts Co., Ltd. | 876543@163.com; |
| 114 | Mondax (Guangdong) Co., Ltd. | joyce@ballotexpert.com |
| 115 | Guangzhou Evenew Accessories Co., Ltd. | kate@auto-evenew.com; |
| 117 | Li Ang (Guangzhou) Vehicle Parts Co., Ltd. | 572899468@qq.com |
| 119 | Xiamen Refresh Auto Parts Co., Ltd. | tony@refresh-wiper.com; |
| 120 | Shenzhen SHV Industrial Co., Ltd. | sales@shvcam.com; |
| 121 | Yiwu Quanxi E-Commerce Firm | 2880744313@qq.com; |
| 123 | Yiwu Nice Show Accessories Co., Ltd. | cathy@ywniceshow.cn; |
| 126 | Guangzhou Qibin Automotive Products Co., Ltd. | 3230394664@qq.com; |
| 128 | Guangzhou Mipi Car Accessories Co., Ltd. | 12138206@qq.com; |
| 129 | Guangzhou Ushi Auto Parts Co., Ltd. | ceo@ushi.ushilife.com; |
| 131 | Shenzhen Xiehe Innovation Technology Co., Ltd. | jaimie@xiehecreative.com; |
| 132 | Huizhou Lecheng E-Commercial Co., Ltd. | sales006@alwaysfaith-intl.com; |
| 136 | Shop1102175715 Store | lulu220412@163.com; |
| 137 | Shop5286008 Store | yunxuan7036@163.com; |
| 138 | D-I-Y Store | shoppingyun@126.com; |
| 139 | Good Up Store | largea@126.com; |
| 140 | Tesla Trend Store | teslaelmusk@gmail.com; |
| 141 | Shop1102794623 Store | sumaitong15@aliyun.com; |
| 142 | DIY6666 Store | bb5939172@163.com; |
| 143 | Shop1103011243 Store | ting10466555054@163.com; |
| 146 | BACKSJET Store | jasonwang8825@163.com; |
| 147 | HAHA One Store | m15875850832@163.com; |
| 148 | Shop1103016375 Store | l791646426@163.com; |
| 149 | USVOTOV Official Store | jay@usvotov.com; |
| 152 | Shop1102339364 Store | 546557277@qq.com; |
| 153 | Shop1103054508 Store | haochen1028666@163.com; |
| 154 | JGK Store | wtlq115@yeah.net; |
| 155 | Shop1102834326 Store | wxqstore_006@163.com; |
| 156 | Shop1102752055 Store | lhonline005@163.com; |
| 157 | Shop1102819628 Store | cyjstore_001@163.com; |
| 158 | Vinbrandmn-XF Store | 694764284@qq.com; |
| 159 | Vinbrandmn Store | jieboli99@163.com; |
| 160 | Shop1102528065 Store | xrcshop_3@163.com; |
| 161 | Shop1102903460 Store | lgbshop2023_004@aliyun.com; |
| 162 | Shop1102984640 Store | ldmarket004@aliyun.com; |
| 163 | Shop1102829385 Store | wxqfactory_04@163.com; |
| 164 | Ali Special Offer Store | 1550991717@qq.com; |

| 165 | Wayraceter Official Store | 108283916@qq.com; |
| 166 | Shop1103207168 Store | e688cijiben8@126.com; |
| 167 | ZUIDIDE Store | smt335ccc@163.com; |
| 168 | Extreme Shirt Store | paulhill16@163.com; |
| 169 | Shop1102272323 Store | 13147368636@163.com; |
| 170 | Shop1102981768 Store | 2565743929@qq.com; |
| 171 | BOUTIQUE DIY CAR KEY ACCESSORIES Store | xiehanjia2023@163.com; |
| 172 | Shop1103014681 Store | q13751765071@163.com; |
| 173 | Shop1102825475 Store | lms645881@163.com; |
| 174 | Shop1103106113 Store | linshibin2222@126.com; |
| 175 | Tesla Online Store | judy@votoviparts.com; |
| 176 | Lokonwis Decals Store | 1909422778@qq.com; |
| 177 | Shop1102883245 Store | foxrizhong06@163.com; |
| 178 | Gertrud Autoparts Store | tnautoparts05@163.com; |
| 182 | rqzae Store | l18238188050d@163.com; |
| 183 | Hugoo Store | smt155bbb@163.com; |
| 184 | FunnyMan Store | 1987073808@qq.com; |
| 185 | Shop1102901507 Store | lgbbmarket_002@163.com; |
| 186 | Shop1102884230 Store | xrcstore_004@aliyun.com; |
| 187 | Shop1102998684 Store | ldstore006@aliyun.com; |
| 188 | Bittelan Store | smt94aaa@163.com; |
| 189 | Shop1102846994 Store | czzfactory004@aliyun.com; |
| 190 | Shop1102753771 Store | lyhmall_03@163.com; |
| 191 | Shop1102828387 Store | wxqfactory_06@163.com; |
| 192 | Shop1102666802 Store | chrshop2023_02@163.com; |
| 193 | Shop1102297035 Store | 3143430764@qq.com; |
| 194 | TSLAccessories Store | tescybers20@gmail.com; |
| 195 | Givanc Store | smt395ccc@163.com; |
| 196 | ARDEN Store | smt163bbb@163.com; |
| 197 | Mug Fun Store | qlsl141@163.com; |
| 198 | Shop1102923410 Store | weiyakeji02@163.com; |
| 199 | Shop1102888340 Store | o6498488@163.com; |
| 200 | AEP Store | ljy1176142771@126.com; |
| 201 | Shop1102875206 Store | h791646426@163.com; |
| 202 | Shop1103005011 Store | 1271447838@qq.com; |
| 205 | Shop911137095 Store | x13660818790@163.com; |
| 206 | Qi two Store | 371508018@qq.com; |
| 207 | Nicola Autoparts Store | nicola2023@163.com; |
| 209 | Shop1103130723 Store | f18598103452@163.com; |
| 211 | CoolWind Store | wansok@126.com; |
| 212 | Fly Phone Case Store | hfly2327@163.com; |
| 213 | Shop1102839575 Store | czzoutlets_05@aliyun.com; |
| 214 | Shop1102901509 Store | lgbbmarket_006@163.com; |
| 215 | Shop1102789457 Store | xrcmall001@163.com; |
| 216 | Shop1102903472 Store | lgbonline_01@163.com; |
| 217 | T S L MODEL 3 MODEL Y CAR ACCESSORIES Store | 2560428958@qq.com; |
| 218 | Shop1102901508 Store | lgbonline_06@163.com; |
| 219 | Shop1102720141 Store | hqystore2023_6@163.com; |
| 220 | Shop1102767554 Store | wfmall001@163.com; |
| 221 | Shop1102982690 Store | ldmarket001@aliyun.com; |
| 222 | Shop1102152519 Store | qwe10010510@163.com; |
| 223 | Kyson Store | smt111aaa@163.com; |
| 224 | Ciesle Store | smt396ccc@163.com; |

| 225 | Beneny Store | smt391ccc@163.com; |
| 226 | AE Auto Parts Store | 18587579225@139.com; |
| 227 | DDH Tech 01 Store | ddhtech01@163.com; |
| 228 | Otertip Store | 409314671@qq.com; |
| 230 | Shop1103011568 Store | d13537283701@163.com; |
| 231 | ZUIMI Car Parts Store | mozhipeng01@163.com; |
| 234 | Shop1103183093 Store | 703968896@qq.com; |
| 235 | Shop1102754087 Store | 13539747013@163.com; |
| 237 | Car decoration industry Store | 1002623707@qq.com; |
| 238 | Car Giant TPUPPF Vinyl Producer Store | 13427624572@163.com; |
| 239 | 219 YY Store | happinesszhang2021@163.com; |
| 240 | Ufotable Store | qlsl091@163.com; |
| 241 | Shop1102823619 Store | lu794370853@163.com; |
| 242 | Shop1102993706 Store | ldmall005@aliyun.com; |
| 243 | Shop1102750090 Store | lhonline001@163.com; |
| 244 | Shop1102999650 Store | ld2023online_01@aliyun.com; |
| 245 | MONCERS Store | e15060325665@163.com; |
| 246 | Vinbrandmn-LY Store | mingtian2021888@163.com; |
| 247 | Shop1102765538 Store | wfmall003@163.com; |
| 248 | Shop1102816642 Store | cyjoutlets_01@163.com; |
| 249 | Shop1102773385 Store | wfmall005@163.com; |
| 250 | Shop1102660109 Store | wwfshop2023_02@163.com; |
| 251 | DDH Tech 03 Store | ddhtech03@163.com; |
| 252 | City shine Store | paulhill2010@hotmail.com; |
| 253 | Shop1100050138 Store | f15559558622@163.com; |
| 254 | Shop5373202 Store | sdpc01@sina.com; |
| 255 | New Trend T-shirt Store | zya20231688@163.com; |
| 256 | Afly Tesla Store | 1172819239@qq.com; |
| 258 | Shop1102928286 Store | tt20230629@163.com; |
| 260 | Ghost Car Merchant Store | c1382735306565@163.com; |
| 262 | Afly Store | 1007435181@qq.com; |
| 263 | Dropshop-Mtesla Store | yx15986691990@163.com; |
| 265 | LI Auto-Moto Dedicated Store | dqii212ff@163.com; |
| 268 | ZHEC Store | 124771600@qq.com; |
| 270 | Haitai Auto Supply Store Store | 2100986257@qq.com; |
| 271 | Shop1102855799 Store | hcxfactory002@aliyun.com; |
| 272 | Shop1102882235 Store | xrcstore_006@aliyun.com; |
| 273 | Shop1102786278 Store | xrconline_5@163.com; |
| 274 | Shop1102776330 Store | zzmmall002@163.com; |
| 276 | Shop1102926913 Store | smt067570@163.com; |
| 277 | Shop1102856241 Store | hcxmarket03@163.com; |
| 278 | Shop1102816646 Store | cyjoutlets_02@163.com; |
| 279 | Shop1102787465 Store | xrcshop2023_001@163.com; |
| 280 | HP3 Car Accessories Store | lmn3434smt03@163.com; |
| 281 | Halolo Store | 3408399928@qq.com; |
| 282 | Shop5003099 Store | zh99390022@sohu.com; |
| 283 | LOOOL Store | h46uangxiuqun168@163.com; |
| 284 | Jun Yang Fu Shi Store | b15179376309@163.com; |
| 285 | YJ Automobile Products Store | m13570321796_1@163.com; |
| 286 | Twobarrels Auto-life Store | zhutianchen@sunwahcy.com; |
| 287 | New Car Decoration Accessories Store | salesli@hzshengyang.com; |
| 288 | SMTY--five Store | b18598103452@163.com; |
| 289 | Shop1102818025 Store | jiyuzhao2@163.com; |

| 290 | Shop1102599923 Store | 13566167040yy@sina.com; |
| 291 | Huizon Auto Accessories Store | 1437179375@qq.com; |
| 293 | WHA accessory Store | info@n2autolight.com; |
| 294 | Lx1129 Store | 3175621058@qq.com; |
| 297 | Shop1102564052 Store | l30826418224@163.com; |
| 298 | Diecast Miniauto Store | andrew001019@163.com; |
| 299 | Shop1103057578 Store | lhy19810309@126.com; |
| 300 | Shop1102887152 Store | hqymarket04@aliyun.com; |
| 301 | Shop1102776328 Store | zzmmall004@163.com; |
| 302 | Shop1102904454 Store | lgbstore_006@163.com; |
| 303 | Shop1102826927 Store | wxqconline02@163.com; |
| 304 | Car Logo Sport Baseball Cap Store | wisdomtrade37@163.com; |
| 306 | Shop1102661463 Store | wustore2023_1@163.com; |
| 307 | Shop1102728557 Store | chenmarket03@163.com; |
| 308 | Shop1102712345 Store | wxqshop2023_1@163.com; |
| 309 | HP4 Car Accessories Store Store | lmn3434smt04@163.com; |
| 310 | Shop5585458 Store | ql20202@163.com; |
| 311 | Shop1102154923 Store | wtlq167@163.com; |
| 312 | super-new Store | wtlq83@163.com; |
| 313 | Basketball T-shirt Hoodie Store | a200060323@163.com; |
| 314 | Z-Angel Store | 2655958208@qq.com; |
| 315 | BOUTIQUE CAR KEY ACCESSORIES Store | zengqingmei2023@163.com; |
| 316 | ART ON A WALL Store | zengling178@sina.com; |
| 317 | Shop1103029004 Store | 1286327663@qq.com; |
| 318 | Shop1102889070 Store | linyangpeng156227@163.com; |
| 320 | Shop1102881257 Store | foxrending01@163.com; |
| 321 | Shop1103207781 Store | allman007@163.com; |
| 322 | Shop1103199082 Store | mozhipeng02@163.com; |
| 323 | Shop1103070486 Store | ywshykjyxgs01@163.com; |
| 324 | Model-3-Y HOME Store | bingyands@163.com; |
| 326 | Shop1103040285 Store | jinguang2023004@163.com; |
| 327 | LBLMRC Official Store | 198843092@qq.com; |
| 328 | Shop1102925298 Store | 3107168175@qq.com; |
| 329 | Shop1102774669 Store | zzmmall003@163.com; |
| 331 | Shop1102890147 Store | hqymarket005@aliyun.com; |
| 332 | Shop1102839996 Store | czzshop2023_04@163.com; |
| 333 | Shop1102646227 Store | linyangpeng2023@163.com; |
| 334 | Shop1102660558 Store | ydxshop2023_3@163.com; |
| 335 | Shop1102883302 Store | foxjiming@163.com; |
| 337 | Shop1102648152 Store | qinshop2003003@163.com; |
| 338 | HP2 Car Accessories Store Store | 542310166@qq.com; |
| 339 | Shop1102960574 Store | l5hxq168@163.com; |
| 340 | Biothern Store | smt162bbb@163.com; |
| 341 | Luckiness Store | h35668899@163.com; |
| 342 | Shop1103103402 Store | 1569384704@qq.com; |
| 343 | Shop1102963709 Store | 18319478963@163.com; |
| 344 | XingQiRi01 Store | 2108636141@qq.com; |
| 345 | SUITA Store | mo970922_04@163.com; |
| 346 | Shop1102721118 Store | 191386361@qq.com; |
| 347 | XLYLXL Store | 337793686@qq.com; |
| 349 | Car Badge Decals Store | 3092716271@qq.com; |
| 350 | Shop1102297513 Store | qq569836136@163.com; |
| 351 | Jdmsuperpower Store | mike@n2autolight.com; |

| | | |
|---|---|---|
| 352 | Shop1103100193 Store | d18598103452@163.com; |
| 353 | Be Your Tesla Store | 13434149338@163.com; |
| 355 | DESIGNED MASK Store | zhl502249187@yeah.net; |
| 356 | Shop5796573 Store | ruiwen0888@163.com; |
| 357 | Shop1103029044 Store | 1704334534@qq.com; |
| 358 | Shop1102858222 Store | hcxshop2023_005@163.com; |
| 359 | Shop1102751379 Store | lhstore_002@163.com; |
| 360 | Shop1102844532 Store | czzconline06@aliyun.com; |
| 361 | Shop1102889140 Store | hqyshop01@aliyun.com; |
| 362 | SUITIAN Store | mo970922_06@163.com; |
| 363 | Shop1102771543 Store | zzmoutlets_01@163.com; |
| 364 | Shop1102787472 Store | xrcshop2023_006@163.com; |
| 365 | Shop1102641425 Store | wangshop001@163.com; |
| 366 | Shop1102498177 Store | wwf1024shop_5@163.com; |
| 367 | TESTOP Car Accessories Store | teslacar.zhang@qq.com; |
| 368 | WENSTON Store | ye027zijijia22330@126.com; |
| 369 | Hennesy Store | smt165bbb@163.com; |
| 370 | GoBricks Moc Factory Store | 13631499808@163.com; |
| 371 | Shop1102751704 Store | 3292114483@qq.com; |
| 373 | Shop1102984694 Store | 2154478563@qq.com; |
| 374 | Car Decals Accessories Store | 3369328032@qq.com; |
| 375 | SUIDI Store | mo970922_03@163.com; |
| 376 | Virtuous Circle Store | lxxhvip666@163.com; |
| 377 | Accessories Model 3 Store | damman0831@163.com; |
| 378 | MINI PANDA Store | carlson1874@163.com; |
| 379 | 33 yuan heng li zhen Store | w13537283701@163.com; |
| 381 | Attmore Autoparts Store | attmore2023@163.com; |
| 382 | Shop1102591014 Store | foxshenhou01@163.com; |
| 384 | G04-Dropshipping-Online Store | 18329048725@139.com; |
| 385 | Toys You Have Not Seen Store | yibaicheng04@163.com; |
| 386 | Bob Costume Store | xy20231688@163.com; |
| 387 | European and American boutique shirts Store | dqr334503@163.com; |
| 388 | Shop1102855175 Store | hcxshop6@163.com; |
| 389 | Shop1102819286 Store | cyjshop2023_002@163.com; |
| 390 | Siteng 0413101 Store | pz18438832890@163.com; |
| 391 | Decoration 1 Shop Store | xvfshuehn6jx@tom.com; |
| 392 | Silly Cat Seven Seven Store | k623922024@163.com; |
| 393 | Shop1102818277 Store | cyjmarket05@163.com; |
| 394 | Shop1102844536 Store | czzstore_002@aliyun.com; |
| 395 | Shop1102884225 Store | xrfactory_02@163.com; |
| 396 | Shop1102856494 Store | linchutao1996@163.com; |
| 397 | Shop1102457201 Store | qlsl214@163.com; |
| 398 | Tiffiny Store | smt383ccc@163.com; |
| 399 | Cubby Bricks Store | 295351040@qq.com; |
| 400 | Shop1102736073 Store | m15179376309@163.com; |
| 401 | Shop1103077327 Store | 3648797993@qq.com; |
| 402 | Shop1103053486 Store | 443579968@qq.com; |
| 403 | Shop1103122015 Store | i6546565@163.com; |
| 404 | XY--eight Store | e18598103452@163.com; |
| 405 | AFAX Official Store | afaxpower@163.com; |
| 406 | XingQiRi03 Store | 1490126343@qq.com; |
| 407 | Shop1102828270 Store | a13537283701@163.com; |
| 408 | Shop1103155077 Store | 1440279471@qq.com; |

| 410 | Maisike Store | mycircle20220920@163.com; |
|-----|---------------|---------------------------|
| 413 | CHAMPRINT Top Store | byxyf041702@outlook.com; |
| 414 | You Socks Store | byzsl1015@outlook.com; |
| 415 | Shop1102890334 Store | hqyoutlets_04@163.com; |
| 416 | Shop1102723156 Store | chenonline2023_1@163.com; |
| 417 | Shop1102724144 Store | chenonline2023_4@163.com; |
| 418 | Shop1102818598 Store | cyjshop2023_004@163.com; |
| 419 | Siteng clothing 3 Store | pz18885466822@163.com; |
| 420 | Shop1103057578 Store | lhy19810309@126.com; |
| 421 | Shop1102728559 Store | chenmarket05@163.com; |
| 422 | Shop1102684026 Store | zzmshop006@163.com; |
| 423 | Shop1102661466 Store | yzqstore2023_02@163.com; |
| 424 | Shop1102661468 Store | yzqstore2023_03@163.com; |
| 425 | Shop1102935074 Store | jerrypro2011@163.com; |
| 426 | Shop1102582167 Store | andi212@126.com; |
| 427 | Lanzi Store | smt381ccc@163.com; |
| 428 | Shop1102636558 Store | overseas05gobricks@163.com; |
| 429 | Dubee Store | 2163418211@qq.com; |
| 430 | Laneng Direct Store | 1529219830@qq.com; |
| 431 | Shop1102883588 Store | a15015507827@yeah.net; |
| 432 | Jitty Store | x15322030471@163.com; |
| 433 | Shop1102911518 Store | qqq347749480@126.com; |
| 434 | Shop1103020050 Store | m791646426@163.com; |
| 435 | Car Accessories YZ Store | baiok66@163.com; |
| 436 | Miko cool cool car Store | jerrypro1985@163.com; |
| 437 | MYCAR05 Store | pko2305@163.com; |
| 438 | YH Car Store | g1119208916@163.com; |
| 439 | DUTRIEUX Car Accessories Store | niutuauto@163.com; |
| 441 | JEBCON Official Store | panheyi163@163.com; |
| 442 | A Zhong Store | byxyf032701@outlook.com; |
| 443 | Awesome Socks Store | byzsl10151@outlook.com; |
| 444 | Shop110000162 Store | wozaitiantang162@163.com; |
| 445 | This Is A Good Store | 2956256500@qq.com; |
| 446 | Shop1102690214 Store | zshop2023_4@163.com; |
| 447 | Shop1102860475 Store | hcxoutlets_02@163.com; |
| 448 | Siteng0413102 Store | pz2950493175@163.com; |
| 449 | Shop1102726454 Store | huaonline2023_6@163.com; |
| 450 | Shop1102647645 Store | zzmshop003@163.com; |
| 451 | Shop1102660110 Store | wwfshop2023_03@163.com; |
| 452 | Shop1102643606 Store | wengshop003@163.com; |
| 453 | Shop1102818639 Store | cyjoutlets_4@163.com; |
| 454 | Shop1103010197 Store | 1658158864@qq.com; |
| 455 | Gobricks Moc Rebrickable Store | overseas03@gobricks.cn; |
| 456 | Gresso Store | smt212bbb@163.com; |
| 457 | SETBRICKS MOC Store | overseas07gobricks@163.com; |
| 458 | Moc Toybricks Sets Store | gobricksamazon@163.com; |
| 459 | AFAX Official Store | afaxpower@163.com; |
| 460 | Shop1102941305 Store | j791646426@163.com; |
| 462 | Xyzplus Store | qd20230301@163.com; |
| 463 | Shop1102939283 Store | 13413729609@163.com; |
| 464 | Shop1102840847 Store | t18598103452@163.com; |
| 465 | SuLi Professional Store | 929457149@qq.com; |
| 466 | ModelY/Model3 Store | 495569440@qq.com; |

| | | |
|---|---|---|
| 467 | Shop1103058115 Store | allman006@163.com; |
| 468 | Triumph Car Parts Store | zhuyuoo05@163.com; |
| 469 | Shop1103056969 Store | shengyue0060@163.com; |
| 470 | Auto Accessories Club Store | cglqp_1@163.com; |
| 472 | Shop1102297035 Store | 3143430764@qq.com; |
| 473 | Its a Great Store | 19397136205@163.com; |
| 474 | Shop1102774665 Store | zzmoutlets_03@163.com; |
| 475 | Shop1102749703 Store | jingjingadming37@163.com; |
| 476 | Shop1102888347 Store | hqyoutlets_05@163.com; |
| 477 | Shop1102890337 Store | hqyoutlets_03@163.com; |
| 478 | Shop5361023 Store | ruru19ruru@163.com; |
| 479 | Shop1102650590 Store | zmstore202301@163.com; |
| 480 | Shop1102784320 Store | xrconline_1@163.com; |
| 481 | Shop1102752331 Store | lhonline_4@163.com; |
| 482 | Shop1102720345 Store | hqyshop2023_1@163.com; |
| 483 | Shop1102749393 Store | lhonline_1@163.com; |
| 484 | WayRaceter Store | 3326808611@qq.com; |
| 485 | Shop1103219038 Store | qq18206003618@163.com; |
| 486 | Rachela Store | smt55aaa@163.com; |
| 487 | Shop1102887944 Store | overseas08gobricks@163.com; |
| 488 | Shop1102959304 Store | sumaitong070212@alimake.top; |
| 489 | Car Accessories Official Store | qwera0504@163.com; |
| 490 | Shop1103063301 Store | xjj18620184356@163.com; |
| 491 | Shop1102946076 Store | 13751765071@163.com; |
| 492 | Shop1102998704 Store | 18620184356@163.com; |
| 493 | Shop1103039235 Store | a13288086716@163.com; |
| 495 | DRVRACES Racing Store | 894910984@qq.com; |
| 496 | BAINEL Auto Parts Official Store | bainel2023@163.com; |
| 497 | Car Styling Stickers Store | XX1123110210@163.com; |
| 498 | Advance Car Parts Store | zhuyuoo02@163.com; |
| 501 | USESS Store | chenweibi1581339@163.com; |
| 502 | HUOLLJ Store | 180144559@qq.com; |
| 503 | Qiuhuang Well Well Well Store | axk553772@163.com; |
| 504 | Shop1102724142 Store | chenonline2023_2@163.com; |
| 505 | Shop1102814655 Store | cyjoutlets_03@163.com; |
| 506 | Shop1102845543 Store | czzoutlets_04@aliyun.com; |
| 507 | Shop1102859168 Store | hcxshop1@163.com; |
| 508 | Shop1102962438 Store | v15268373457@163.com; |
| 509 | Shop1102987494 Store | ldshop2023_1@aliyun.com; |
| 510 | Shop1102724599 Store | chenmarket06@163.com; |
| 511 | Shop1102790257 Store | xrconline_2@163.com; |
| 512 | Shop1102725574 Store | chenmarket04@163.com; |
| 513 | Shop1102728449 Store | huaonline2023_5@163.com; |
| 514 | TshirtLink Store | paulhill6@163.com; |
| 515 | BB Master Store | 510429886@qq.com; |
| 516 | Jergir Store | smt365ccc@163.com; |
| 517 | Shop1103107142 Store | chunjie010@alimake.top; |
| 518 | Military Store | ywccy03@163.com; |
| 519 | Be Your Kitty Store | dmsds2021@163.com; |
| 521 | Shop1102929206 Store | qingyaa02@pragueting.com; |
| 522 | Super auto parts Club Store | pengjuan87@outlook.com; |
| 523 | Shop1100059051 Store | longyan202215@163.com; |
| 524 | PECHAM Global Store | ali_019@insmart.ink; |

| 525 | Shop1103011700 Store | algx850068@163.com; |
| 526 | XMCAR Store | allman005@163.com; |
| 527 | ACC Perfect Store | lms645883@163.com; |
| 528 | misitelin Store | wehuan9298@163.com; |
| 530 | Yunke Car Shop Store | 634335784@qq.com; |
| 532 | Shop High Quality Men s Clothing Store | 15158941659@163.com; |
| 533 | YummYard Store | byczy0214@outlook.com; |
| 534 | Shop1103000265 Store | ldstore005@aliyun.com; |
| 535 | Shop1102826937 Store | wxqoutlets_02@163.com; |
| 536 | Shop1102735115 Store | zhenonlien2023_3@163.com; |
| 537 | Shop1102724143 Store | chenonline2023_3@163.com; |
| 538 | Shop1102888774 Store | duduan17881@126.com; |
| 539 | Shop1102667358 Store | ylhshop2023_03@163.com; |
| 540 | Shop1102836174 Store | wxqfactory_05@163.com; |
| 541 | Fashion Mesh Hat Store | ptyx004@126.com; |
| 542 | Shop1102713336 Store | lyhstore2023_02@163.com; |
| 543 | Shop1102649597 Store | zmstore202302@163.com; |
| 544 | Mealove Store | ql20206@163.com; |
| 545 | Si Ying Store | 903847672@qq.com; |
| 546 | Mardin Store | smt373ccc@163.com; |
| 547 | Sunlighting Store | paulhill2017@hotmail.com; |
| 548 | DuDuBee Store | 1355671660@qq.com; |
| 549 | Shop1102717084 Store | x794370853@163.com; |
| 550 | GY Auto Parts Home Store | joey_huang1314@163.com; |
| 551 | Shop1103012646 Store | q13751765071@126.com; |
| 552 | Shop1103053055 Store | rui1046655054@163.com; |
| 553 | Maserati Tesla Bentley Spare Parts Store | 125943687@qq.com; |
| 555 | Shop1103191104 Store | kk32324324@163.com; |
| 556 | Shop1103132766 Store | 13715743542@163.com; |
| 557 | Shop1102830051 Store | zsp8208041@163.com; |
| 560 | huiwentong Store | 13533447972@163.com; |
| 562 | ZYJC Store | zhengbogongsi1@163.com; |
| 563 | Shop1102882677 Store | huilian670483866@126.com; |
| 564 | Shop1102845067 Store | fffsmt02@163.com; |
| 565 | Shop1102814647 Store | cyjmall002@163.com; |
| 566 | Shop1102994662 Store | ldshop3@aliyun.com; |
| 567 | Shop1102818643 Store | cyjstore_005@163.com; |
| 568 | Valentno Store | smt346ccc@163.com; |
| 569 | Zona7 Store | lin13727943685@163.com; |
| 570 | Shop1102988382 Store | ldshop2023_4@aliyun.com; |
| 571 | Shop1102717548 Store | gaomall2023_1@163.com; |
| 572 | Shop1102846992 Store | czzfactory001@aliyun.com; |
| 573 | Anju Fashion Home Textiles 7 Store | hxz7dd@163.com; |
| 574 | Shop1102589189 Store | zongzhan58849498@126.com; |
| 575 | Shop1100087087 Store | qlsl0193@163.com; |
| 576 | MOILY-Fashion Store | wtlq43@163.com; |
| 577 | Shop1103132566 Store | ke96muyoutangba@126.com; |
| 578 | Shop5606329 Store | 992796961@qq.com; |
| 579 | Shop1103020019 Store | 2513374268@qq.com; |
| 580 | Shop1103053203 Store | zrs20230822@163.com; |
| 581 | Shop1102984562 Store | k791646426@163.com; |
| 582 | Shop1102699235 Store | 2863907813@qq.com; |
| 584 | Love Car Popular Stores Store | 15692588497@163.com; |

| 585 | YiYang-Tesla Store | TESLALIJING@163.com; |
| 586 | HHH Automobile Store | 13144458016@163.com; |
| 587 | Shop5072093 Store | christinayu828@hotmail.com; |
| 588 | Shop1103150525 Store | dainike168@163.com; |
| 589 | VWVIVIDWORLD Tesla Accessories Store | 279216065@qq.com; |
| 590 | Niuniu Car Accessories Store | 154478368@qq.com; |
| 591 | Shop1103054711 Store | wu1834806666@163.com; |
| 592 | Tiffanie Store | smt334ccc@163.com; |
| 593 | Shop1102994663 Store | ldshop5@163.com; |
| 594 | Shop1102829384 Store | wxqfactory_02@163.com; |
| 595 | Shop1102772745 Store | zzmoutlets_05@163.com; |
| 596 | Shop1102888345 Store | hqyconline06@aliyun.com; |
| 597 | Shop5008212 Store | zhuofan778@126.com; |
| 598 | Shop1102986761 Store | ldoutlets05@aliyun.com; |
| 599 | Shop1102816648 Store | cyjstore_006@163.com; |
| 600 | Shop1102667790 Store | chrshop2023_03@163.com; |
| 601 | Shop1102745135 Store | lhmarket_2@163.com; |
| 602 | Anju Fashion Home Textiles 8 Store Store | hxz10dd@163.com; |
| 603 | Shop5232021 Store | touclo12@163.com; |
| 604 | Futuristic Soldier Toys Store | 861536962@qq.com; |
| 605 | Dota Store | qlsl076@163.com; |
| 606 | Muggest Store | qlsl154@163.com; |